## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RODROCK HOMES OF JOHNSON
COUNTY, LLC,

and

PRIEB HOMES, INC.

        **Plaintiffs,**

v.

CITY OF OLATHE, KANSAS
Serve: City Clerk
      100 E. Santa Fe St.
      Olathe, Kansas 66061

        **Defendant.**

Case No. _____

## COMPLAINT

Plaintiffs Rodrock Homes of Johnson County, LLC ("Rodrock") and Prieb Homes, Inc. ("Prieb") (collectively "Plaintiffs") state:

### *Statement of the case*

1. The City of Olathe, Kansas (the "City") imposes an impact fee to "raise revenue from new residential development . . . to provide neighborhood parks in developing residential areas" (the "Olathe Park Impact Fee").

2. For example, since January 1, 2006, the City has imposed on every residential development a $520.00 per dwelling unit Olathe Park Impact Fee pursuant to Municipal Code Ordinance § 3.30.050.

1

3. The City will not issue any building permit unless the Olathe Park Impact Fee is paid.

4. Rodrock and Prieb are developers who have paid and must continue to pay the Olathe Park Impact Fee to obtain building permits to construct residential homes in the City.

5. The Olathe Park Impact Fee constitutes a monetary exaction which amounts to a taking, entitling Rodrock and Prieb to compensation.

6. Indeed, the Olathe Park Impact Fee is a "fee" which fails to have an "essential nexus" to the City's land-use interest, and a "rough proportionality" to the development's impact on the land-use interest.

### *Parties, jurisdiction, and venue*

7. Rodrock is a Kansas limited liability company active and in good standing.

8. Prieb is a Kansas corporation active and in good standing.

9. The City is a municipal corporation existing under Kansas law.

10. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1367 because: (1) this is a civil action arising under the United States Constitution and laws of the United States; and (2) all claims in this action arising under state law are so related to claims within this Court's jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because the City is a municipality located in Johnson County, Kansas, which is within this judicial district.

### *The Olathe Park Impact Fee*

12.     Olathe Municipal Code Ordinance ("Ordinance") Chapter 3.30 describes the imposition of the Olathe Park Impact Fee through Ordinance §§ 3.30.010-3.30.090 (attached as **Exhibit 1**).

13.     Ordinance § 3.30.010 provides:

A Park Excise Tax is hereby imposed on the development of land for the purpose of assuring that neighborhood parks, parkland and open space is available and adequate to meet the needs created by new development while maintaining current and proposed park and open space standards pursuant to the Olathe Comprehensive Plan. It is the intent of this ordinance to raise revenue from new residential development in order to provide neighborhood parks in developing residential areas. Revenue raised from nonresidential development may be used for neighborhood parks, parkland, or open space as deemed appropriate by the Governing Body. The Park Excise Tax shall be imposed by the city on the development of all land in order to raise sufficient revenue to address the public need for parks.

14.     Ordinance § 3.30.020 provides various definitions applicable to the Olathe Park Impact Fee.

15.     Ordinance § 3.30.040 provides that the Olathe Park Impact Fee "shall be imposed on all residential and nonresidential development in the city."

16.     Ordinance § 3.30.050 provides the Olathe Park Impact Fee shall be at the following rate:

(A)  From January 1, 2001 to December 31, 2005:

Residential Development: $260.00 per dwelling unit.

Commercial Development: $0.13 per square foot of gross floor area.

Industrial Development: $0.07 per square foot of gross floor area.

(B) From January 1, 2006 and all subsequent years, unless otherwise amended:

Residential Development: $520.00 per dwelling unit.

Commercial Development: $0.13 per square foot of gross floor area.

Industrial Development: $0.07 per square foot of gross floor area.

17.    The City has 13 "community" parks and 27 "neighborhood" parks, along with other parks unaffiliated with the City such as Johnson County parks.

18.    The City describes its "community" parks as "designed to serve the Olathe community" whereas "neighborhood" parks are "designed to serve local neighborhoods within a two-mile radius."    *See* Parks, Trails & Bike Lanes, https://www.olatheks.gov/government/parks-recreation/parks-trails-bike-lanes  (last visited, December 19, 2024).

19.    A subdivision containing only 1-bedroom, 700 square foot houses has the same Olathe Park Impact Fee when built ($520.00 per dwelling) as a subdivision containing only 10-bedroom, 4,000 square foot houses.

20.    Similarly, a subdivision bordering Lake Olathe Park (a 170-acre lake surrounded by 258 acres of park space) has the same Olathe Park Impact Fee when built ($520.00 per dwelling) as a subdivision built nowhere near any of the City's 13 community parks or 27 neighborhood parks.

4

21. For example, Grayson Place is a Prieb development located just east of K-7, at the intersection of W. 119th St. and Lone Elm Road.

22. Grayson Place is located less than two miles from Raven Ridge Park (a City neighborhood park), Heritage Park (a 1,234 acre Johnson County Park), Woodland Hills Park (a neighborhood park), North Walnut Park (a neighborhood park), Prairie Center Park (a community park), Fairview Park (a neighborhood park), and Calamity Line Park (a neighborhood park).

23. Even though Grayson Place was built immediately near at least seven parks, Prieb was required to pay the Olathe Park Impact Fee for each residence built.

24. Both Prieb and Rodrock have built several residential developments within two miles of neighborhood, community, and county parks, such as:

- Grayson Place (as described above);

- The Woods at Prairie Haven – N. Ferrel St. (Prairie Center Park, Calamity Line Park, Lake Olathe Park, Pellet Park, Fairview Park, North Walnut Park, Raven Ridge Park);

- Stonebridge Pointe – W. 165th St. (Arbor Landing Park, Hampton Park, Southdowns Park, Scarborough Park, Brougham Park, Heritage Park); and

- Forest View – W. 126th Terrace (Southglen Park, Prairie Center Park, North Walnut Park, Fairview Park, Lake Olathe Park, Ernie Miller Park).

25. Ordinance § 3.30.060 requires the City's Chief Building Inspector to collect the $520.00 Olathe Park Impact Fee prior to issuing a building permit.

26. Ordinance § 3.30.080 provides in relevant part:

(B) Upon receipt of Park Excise Taxes, the Chief Building Inspector shall transfer such funds to the City Treasurer who shall be responsible for the placement of such funds in segregated, interest bearing accounts designated as the "Park Excise Tax Account - General Parks and Open Space" and "Park Excise Tax Account - Neighborhood Parks." All funds placed in said accounts and all interest earned therefrom shall be utilized solely and exclusively for parkland and open space acquisition and development pursuant to the Comprehensive Plan. At the discretion of the Governing Body, other revenues as may be legally utilized for such purposes may be deposited to such accounts. The City Treasurer shall establish adequate financial and accounting controls to ensure that Park Excise Tax funds disbursed from such accounts are utilized solely and exclusively for neighborhood parks, other parkland and open space acquisition and development or for reimbursement to the city of advances made from other revenue sources, including the "bond and interest fund," to fund parkland and open space acquisition and development.

. . .

(E) Excise Tax funds collected shall not be used to maintain, repair or operate the park system or to operate recreational activities. Excise Tax funds shall only be used to acquire and improve parkland in the City of Olathe.

27. In other words, Ordinance § 3.30.080 describes how the Olathe Park Impact Fee's funds should be held and used, including requiring: (1) the funds collected from "single family and duplex residential development" and/or commercial developments to be used solely for "the acquisition and improvement of neighborhood parks in the developing residential areas of the city"; (2) placing funds in segregated, interest bearing accounts designated as the "Park Excise Tax Account - General Parks and Open Space" and "Park Excise Tax Account - Neighborhood Parks"; (3)

utilizing the accounts "solely and exclusively for parkland and open space acquisition and development pursuant to the Comprehensive Plan"; and (4) maintaining and keeping "adequate financial records for said account which shall show the source and disbursement of all funds placed in or expended from such accounts." *Id.*

28.     Upon information and belief, the City has not deposited the Olathe Park Impact Fee's funds in a segregated, interest-bearing account and has not used said funds for the acquisition and improvement of neighborhood parks.

29.     According to the City's 2025 Adopted Budget Book, revenue generated from Olathe Park Impact Fees are placed in a "Special Park and Recreation Fund" and impermissibly comingled with revenue generated from state liquor taxes, as the City's Adopted Budget Book states:

## Special Park and Recreation Fund Summary
The Special Park and Recreation Fund was created to account for monies received from the State liquor tax on all Class A and Class B private clubs that are earmarked for the purchase, establishment, maintenance, or expansion of park and recreational services, programs, and facilities. The fund also includes monies from the City's Park Excise Tax which includes general park funds and neighborhood park funds. These funds are used for the park projects specified in the Capital Improvement Plan.

2025 Adopted Budget Book, https://online.flippingbook.com/view/887440202/ (last visited December 19, 2024) at 64.

### *The Olathe Park Impact Fee constitutes an unlawful taking entitling Plaintiffs to compensation*

30.     A local government exaction that places conditions on the development of private property passes constitutional muster only if: (1) the permit condition has an "essential nexus" to the government's land-use interest (*Nollan v. California Coastal Comm'n*, 483 U.S. 825, 837 (1987)); and (2) the permit condition has "rough

proportionality" to the development's impact on the land-use interest  (*Dolan v. City of Tigard*, 512 U.S. 374, 386, 391 (1994)).  *See Sheetz v. Cnty. of El Dorado, California*, 601 U.S. 267, 275-76 (2024).

31.     Monetary exactions must satisfy these constitutional requirements. *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 612 (2013).

32.     The *Nollan/Dolan* nexus and rough proportionality test applies to both legislative and administrative conditions.  *Sheetz*, 601 U.S. at 279-80.

33.     Here, the Olathe Park Impact Fee is a "fee" which fails to have an "essential nexus" to the City's land-use interest, and a "rough proportionality" to the development's impact on the land-use interest.

34.     The Olathe Park Impact Fee is purportedly not a general revenue measure.

## COUNT 1
## 42 U.S.C. § 1983 Taking

35.     Plaintiffs incorporate the above allegations.

36.     The Takings Clause of the Fifth Amendment of the United States Constitution provides in part "nor shall private property be taken for public use, without just compensation."

37.     Pursuant to *Sheetz*, a local government exaction that places conditions on the development of private property passes constitutional muster only if: (1) the permit condition has an "essential nexus" to the government's land-use interest; and (2) the permit condition has "rough proportionality" to the development's impact on the land-use interest.  601 U.S. at 275-76.

8

38.    As a condition to receive building permits to construct homes in the City, the City required and continues to require that Plaintiffs pay the Olathe Park Impact Fee for each residential unit Plaintiffs plan to construct in the City.

39.    Here, much like in *Koontz* where a development was conditioned on hiring "contractors to make improvements to District-owned land several miles away" from the proposed development, the Olathe Park Impact Fee has no "essential nexus" to the City's land-use interest, and the permit condition does not have "rough proportionality" to the particular development's impact on the land-use interest.

40.    The Olathe Park Impact Fee does not have an essential nexus to the City's land-use interest of providing neighborhood parks in residential areas nor does it have rough proportionality to any development's alleged impact on the City's land-use interest because the Olathe Park Impact Fee is charged: (1) regardless of the development's location in Olathe; (2) regardless of the development's allocation of open areas and green space; (3) even if a proposed development is already surrounded by parks; and (4) even when the City has no plans to build a neighborhood park adjacent to the subdivision.

41.    For example, even though Grayson Place was built near at least seven parks and contains green space required by the City's Unified Development Ordinance ("UDO"), the City required Prieb to pay the Olathe Park Impact Fee for each residence built.

42.    Likewise, by way of example, although Stonebridge Pointe was built near at least six parks and contains green space required by the City's UDO, the City

required and continues to require Rodrock to pay the Olathe Park Impact Fee for each residence built.

43. As such, the Olathe Park Impact Fee is an unconstitutional monetary exaction, and the City's actions deprived Plaintiffs of rights protected by the Fifth and Fourteenth Amendments to the United States Constitution and the Laws and Constitution of the State of Kansas.

44. The City violated Plaintiffs' liberty and/or property rights by conditioning grants of residential building permits to Plaintiffs on the payment of excessive Olathe Park Impact Fees disproportionate to the actual impact of Plaintiffs' proposed developments.

45. The City violated Plaintiffs' liberty and/or property rights by conditioning grants of residential building permits to Plaintiff on the payment of the Olathe Park Impact Fee for each proposed dwelling unit when the permit conditions imposed on Plaintiffs' developments do not have an "essential nexus" to the City's claimed land-use interest of providing neighborhood parks in developing residential areas.

46. The City violated Plaintiffs' liberty and/or property rights by conditioning grants of residential building permits to Plaintiffs on the payment of the Olathe Park Impact Fee for each proposed dwelling unit when the permit conditions imposed on Plaintiffs' developments do not have "rough proportionality" to the development's impact on the City's claimed land-use interest of providing neighborhood parks in developing residential areas.

10

47.     The City's constitutional violation of collecting Olathe Park Impact Fees was committed pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the City.

48.     That is, the City has imposed the $520.00 per dwelling unit Olathe Park Impact Fee on every residential development, since January 1, 2006, and the City continues to impose the Olathe Park Impact Fee on Plaintiffs and others seeking to obtain building permits to construct residential houses in the City.

49.     The City's actions described herein were conducted under color of a statute or ordinance and constituted a violation of 42 U.S.C. § 1983.

50.     The City's exaction of Olathe Park Impact Fees from Plaintiffs deprived Plaintiffs of their property in violation of the Fifth Amendment.

51.     As a direct and proximate result of the City's actions in depriving Plaintiffs of rights and privileges secured by the Fifth and Fourteenth Amendments to the United States Constitution and the Laws and Constitution of the State of Kansas, Plaintiffs have sustained damages.

52.     Plaintiffs are entitled to "reasonable attorney's fee as part of the costs" and "expert fees" pursuant to 42 U.S.C. § 1988.

53.     28 U.S.C. § 2201 provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought" and "such declarations shall have the force and effect of a final judgment."

11

54.    Plaintiffs seek a declaration of rights and other legal relations with respect to the Olathe Park Impact Fees, including:

A.    Ordinance §§ 3.30.010-3.30.090 constitute a taking as a monetary exaction as to Residential Developments;

B.    Plaintiffs are entitled to a refund of all Olathe Park Impact Fees paid to the City.

55.    Federal Rule of Civil Procedure 65 authorizes the Court to enter injunctive relief.

56.    Plaintiffs are entitled to a preliminary injunction because: (1) they will suffer irreparable injury of the infringement of a constitutional right unless an injunction is issued; (2) the threatened injury of infringing Plaintiffs' constitutional right outweighs whatever minimal damage the proposed injunction may cause the City; (3) the injunction, if issued, will not adversely affect the public interest; and (4) there is a substantial likelihood of success on the merits.

57.    Plaintiffs are entitled to a permanent injunction once they have actual success on the merits and because: (1) there is irreparable injury of the infringement of a constitutional right unless an injunction is issued; (2) the threatened injury outweighs whatever minimal damage that the injunction may cause the City; and (3) the injunction, if issued, will not adversely affect the public interest.

58.    Moreover, without declaratory and injunctive relief, Plaintiffs would be required to initiate a new lawsuit each time the City collects an Olathe Park Impact Fee, resulting in needlessly repetitive litigation.

12

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against the City: (1) for such damages as are fair and reasonable in excess of $75,000, the exact amount to be proved at trial; (2) for pre-judgment and post-judgment interest as provided by law; (3) for Plaintiffs' attorneys' fees, costs and expenses; (4) for a declaration that: (a) Ordinance §§ 3.30.010-3.30.090 constitutes a taking as a monetary exaction as to Residential Developments; and (b) Plaintiffs are entitled to a refund of all Olathe Park Impact Fees paid to the City; (5) for a preliminary injunction precluding the City from enforcing Ordinance §§ 3.30.010-3.30.090; (6) for a permanent injunction precluding the City from enforcing Ordinance §§ 3.30.010-3.30.090; (7) and for such other and further relief as the Court deems just and proper.

## COUNT 2
## Inverse Condemnation

59.    Plaintiffs incorporate the above allegations.

60.    K.S.A. 26-513(a) provides that "[p]rivate property shall not be taken or damaged for public use without just compensation."

61.    Plaintiffs have a private property interest in the Olathe Park Impact Fees and the properties tied to the Olathe Park Impact Fees.

62.    The City required payment of the Olathe Park Impact Fees for an alleged public use of providing neighborhood parks in developing residential areas.

63.    As a condition to receiving building permits, Plaintiffs paid and continue to pay the Olathe Park Impact Fees to the City.

13

64. The Olathe Park Impact Fee does not have an essential nexus to the City's land-use interest of providing neighborhood parks in residential areas nor does it have rough proportionality to any development's alleged impact on the City's land-use interest because the Olathe Park Impact Fee is charged: (1) regardless of the development's location in Olathe; (2) regardless of the development's allocation of open areas and green space; (3) even where a proposed development is already surrounded by parks; and (4) even if the City has no plans to build a neighborhood park adjacent to the subdivision.

65. The City violated Plaintiffs' liberty and/or property rights by conditioning grants of residential building permits to Plaintiff on the payment of the Olathe Park Impact Fee for each proposed dwelling unit when the permit conditions imposed on Plaintiffs' developments do not have an "essential nexus" to the City's claimed land-use interest of providing neighborhood parks in developing residential areas.

66. The City violated Plaintiffs' liberty and/or property rights by conditioning grants of residential building permits to Plaintiffs on the payment of the Olathe Park Impact Fee for each proposed dwelling unit when the permit conditions imposed on Plaintiffs' developments do not have "rough proportionality" to the development's impact on the City's claimed land-use interest of providing neighborhood parks in developing residential areas.

67. As such, the Olathe Park Impact Fee is an unconstitutional monetary exaction constituting a taking of Plaintiffs' property.

14

68. Pursuant to K.S.A. 26-513(c), Plaintiffs are entitled to the "difference between the fair market value of the entire property or interest immediately before the taking, and the value of that portion of the tract or interest remaining immediately after the taking."

69. Plaintiffs' property could be or had been adapted to a use which was profitably carried on.

70. Plaintiffs' property in Olathe, which is subject to the mandated Olathe Park Impact Fee to build on each residential lot, is worth less than similarly situated property in another Johnson County municipality that does not require a per planned dwelling unit impact fee.

71. Plaintiffs' property value has been diminished due to the takings.

72. The City's takings effectuated through the Olathe Park Impact Fee's unconstitutional monetary exactions violate Plaintiffs' rights under the Fifth and Fourteenth Amendments to the U.S. Constitution, as well as K.S.A. 26-513's prohibition against taking or damaging private property for public use without just compensation.

73. The City has not provided Plaintiffs any compensation, let alone just compensation, for the takings.

74. The City also has not initiated formal eminent domain proceedings for such takings.

75. 28 U.S.C. § 2201 provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of

15

any interested party seeking such declaration, whether or not further relief is or could be sought" and "such declarations shall have the force and effect of a final judgment."

76.    Plaintiffs seek a declaration of rights and other legal relations with respect to the Olathe Park Impact Fees, including:

A.    Ordinance §§ 3.30.010-3.30.090 constitute a taking as a monetary exaction as to Residential Developments;

B.    Plaintiffs are entitled to a refund of all Olathe Park Impact Fees paid to the City.

77.    Federal Rule of Civil Procedure 65 authorizes the Court to enter injunctive relief.

78.    Plaintiffs are entitled to a preliminary injunction because: (1) they will suffer irreparable injury of the infringement of a constitutional right unless an injunction is issued; (2) the threatened injury of infringing Plaintiffs' constitutional right outweighs whatever minimal damage the proposed injunction may cause the City; (3) the injunction, if issued, will not adversely affect the public interest; and (4) there is a substantial likelihood of success on the merits.

79.    Plaintiffs are entitled to a permanent injunction once they have actual success on the merits and because; (1) there is irreparable injury of the infringement of a constitutional right unless an injunction is issued; (2) the threatened injury outweighs whatever minimal damage that the injunction may cause the City; and (3) the injunction, if issued, will not adversely affect the public interest.

80.     Moreover, without declaratory and injunctive relief, Plaintiffs would be required to initiate a new lawsuit each time the City collects an Olathe Park Impact Fee, resulting in needlessly repetitive litigation.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against the City: (1) for such damages as are fair and reasonable in excess of $75,000, the exact amount to be proved at trial; (2) for pre-judgment and post-judgment interest as provided by law; (3) for Plaintiffs' attorneys' fees, costs and expenses; (4) for a declaration that: (a) Ordinance §§ 3.30.010-3.30.090 constitutes a taking as a monetary exaction as to Residential Developments; and (b) Plaintiffs are entitled to a refund of all Olathe Park Impact Fees paid to the City; (5) for a preliminary injunction precluding the City from enforcing Ordinance §§ 3.30.010-3.30.090; (6) for a permanent injunction precluding the City from enforcing Ordinance §§ 3.30.010-3.30.090; and (7) for such other and further relief as the Court deems just and proper.

## Demand for Jury Trial

Plaintiffs hereby demand a trial by jury on all issues so triable.

17

Respectfully Submitted,

DUGGAN SHADWICK DOERR & KURLBAUM LLC

By: /s/ Deron A. Anliker
John M. Duggan, #14053
Deron A. Anliker, #16877
Dustin D. Rucinski, #27680
9101 W 110th Street, Suite 200
Overland Park, Kansas 66210
jduggan@dsdklaw.com
danliker@dsdklaw.com
drucinski@dsdklaw.com
Tele: (913) 498-3536
Fax:  (913) 498-3538
*Attorneys for Plaintiffs*

18