IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RODROCK HOMES OF JOHNSON
COUNTY, LLC, *et al.*,

        Plaintiffs,

v.                                                                               Case No. 24-2592-JWB

CITY OF OLATHE, KANSAS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiffs' motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). (Doc. 43.) The motion is fully briefed and ripe for decision. (Docs. 44, 45, 48.) The motion is DENIED for the reasons stated herein.

**I.      Facts**

Rodrock Homes of Johnson County, LLC and Prieb Homes, Inc. ("Plaintiffs") originally filed this lawsuit on December 20, 2024, against Defendant City of Olathe, Kansas ("City"). (Doc. 1.) The dispute centers on the City's Park Excise Tax, established under Olathe Municipal Code § 3.30. Plaintiffs brought two claims: (1) under § 1983, Plaintiffs assert that the Park Excise Tax amounts to an unconstitutional taking in violation of the Fifth and Fourteenth Amendments to the Federal Constitution and (2) Plaintiffs brought a state-law inverse condemnation claim under K.S.A. § 26-513(a), which provides that "private property shall not be taken or damaged for public use without just compensation." (*Id*. at 8, 13.) Plaintiffs acknowledge their state law claim relies entirely on whether a "taking" occurred as part of their § 1983 claim. (Doc. 26 at 6–7.)

On March 13, 2025, the City filed a motion for judgment on the pleadings on various grounds. (Doc. 14.) Particularly compelling, the City argued that Plaintiffs' claims must fail

1

because the Park Excise Tax constitutes a tax which, as a matter of law, is not a taking under the Federal Constitution. The court agreed and found that the Park Excise Tax exhibited all the distinctive characteristics of a tax. (Doc. 41 at 9–13.) As such, the court granted the City's motion on September 22, 2025, and entered judgment the same day. (Docs. 41, 42.)

Plaintiffs now move to amend or alter the judgment specifically requesting the court vacate its prior order (Doc. 41) dismissing Plaintiffs' claims and rule in favor of Plaintiffs' previously mooted motion for partial summary judgment (Doc. 31). (Doc. 44 at 1.)

**II.     Standard**

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to request reconsideration of a final judgment. "Grounds which justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice." *Lenexa 95 Partners, LLC v. Kin, Inc.*, No. 20-2367-JWB, 2023 WL 171925, at *1 (D. Kan.) (citation omitted), *appeal dismissed*, No. 23-3025, 2023 WL 5608807 (10th Cir. Apr. 27, 2023). Rule 59(e) motions "allows a party to reargue previously articulated positions to correct clear legal error." *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1005 (10th Cir. 2017). But after entry of judgment the public "gains a strong interest in protecting the finality of judgments." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). Moreover, a Rule 59(e) motion "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Rezac Livestock Comm. Co., Inc. v. Pinnacle Bank*, No. 15-4958-DDC, 2019 WL 2613179, *9 (D. Kan. June 26, 2019) (quotation omitted). In other words, Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of the judgment." *Nelson*, 921 F.3d at 929 (quoting *Exxon Shipping*

*Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).  Finally, a district court has discretion when deciding a motion to reconsider.  *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

**III.    Analysis**

In support of its motion, Plaintiffs assert the need to correct a clear error of law or prevent manifest injustice, rather than a change in the law or new evidence, as the basis for reconsideration of the court's prior order.  (Doc. 44.)  The City responds that Plaintiffs have provided no evidence or argument which would support a claim for relief under the relevant standard, and moreover, has asserted arguments not previously articulated in past filings.  (Doc. 45.)  The court agrees that Plaintiffs have not shown clear error or manifest injustice.

Plaintiffs' first argument posits that this court erred by concluding the City could constitutionally impose the Park Excise Tax without making it a condition to obtaining a building permit.  (Doc. 44 at 5–7.)  Plaintiffs argue that without the permit condition, the Park Excise Tax would be an illegal excise tax under Kansas law because it would not qualify under the K.S.A. § 12-194(a)(4) exception for "development excise tax[es] . . . in existence on January 1, 2006." (*Id.* at 5.)  This section of Kansas law does not appear in the record, nor does Plaintiff assert that the Park Excise Tax is made illegal because of it.  Such an argument could have been helpful to Plaintiffs' cause; however, bringing it for the first time in a Rule 59(e) motion is improper.  *Nelson*, 921 F.3d at 929.  To the extent this argument is properly before the court and alleges clear error or manifest injustice, it nevertheless fails.

Plaintiffs misunderstand the court's prior order.  (Doc. 44.)  The analytical question this court previously asked was whether the Park Excise Tax "irrespective of the building permit being conditioned on its payment [] would be considered a taking." (*Id.* at 7.)  This was a necessary framing of the question for purposes of takings analysis, not a conclusion as to the legality on

3

whether the City could impose the Park Excise Tax in some different form. Indeed, the analytical framework required by Supreme Court precedent dictated the inquiry. When evaluating an unconstitutional conditions claim under the Takings Clause, courts must first determine whether "the government could not have constitutionally ordered the person asserting the claim to do what it attempted to pressure that person into doing." *Koontz v. St. Johns River Water Management Dist.*, 570 U.S. 595, 612 (2013). In other words, the first step is to ask whether "the condition at issue would have been a compensable taking if imposed outside the permitting process." *Sheetz v. Cnty. of El Dorado, California*, 601 U.S. 267, 281 (2024) (Sotomayor J., and Jackson J., concurring) (citing *Koontz*, 570 U.S. at 612). If the answer is "no," then no takings problem exists. *Id*. In light of this precedent, the court was required to apply that mandatory analytical framework and concluded the Park Excise Tax would not constitute a taking even if considered outside the permitting context. Therefore, Plaintiffs' assertion that the Park Excise Tax would be illegal under Kansas law if imposed outside the permitting context, even if true, has no bearing on whether it violates the Takings Clause of the Federal Constitution—a violation of state law does not, by itself, constitute a violation of the Federal Constitution. *See United States v. Green*, 178 F.3d 1099, 1105 (10th Cir. 1999) (stating that while conduct "may have violated state law" it is "irrelevant as long as the standards developed under the Federal Constitution were not offended.").

Plaintiffs' right to develop property does not encompass a right to develop said property free from generally applicable tax obligations. It is well established that the collection of a tax does not constitute a taking within the meaning of the Federal Constitution. *See Koontz*, 570 U.S. at 612–15. Here, the Park Excise Tax—as previously articulated by this court—bears all the hallmarks of a tax under Kansas law and Tenth Circuit precedent. (Doc. 41 at 9–13.) And Plaintiff

has failed to challenge even one of those distinctive characteristics of a tax. Accordingly, Plaintiff has failed to demonstrate clear error warranting reconsideration.

Plaintiff's remaining arguments raise "new" claims. (Doc. 48 at 2.) Namely, that the Park Excise Tax violates the uniformity provision in Article 11, § 1 of the Kansas Constitution and the Equal Protection Clause of the United States Constitution because it imposes a tax on those who choose to develop their properties while not imposing that same tax on those who choose not to develop—a distinction Plaintiffs deems constitutionally impermissible. (Doc. 44 at 7–9.) The cases cited by Plaintiffs bear no relevance to substantiate this argument. However, the court need not reach them because Plaintiff is advancing entirely new claims, which is improper in a Rule 59(e) motion.

Plaintiffs' original complaint included two claims: (1) a § 1983 claim alleging the Park Excise Tax is an unconstitutional taking in violation of the Fifth and Fourteenth Amendments to the Federal Constitution; and (2) a state-law inverse condemnation claim. (Doc. 1 at 8, 13.) In the instant motion, Plaintiffs argue the reason they raise these new arguments is because they must address this court's "unbriefed holding" that the Park Excise Tax, when considered outside of the permitting process, does not amount to a compensable taking. (Docs. 48 at 2; 44 at 5–6.) But the City did brief it.[1] A fact Plaintiffs admit—one page later. (Doc. 48 at 3.) Plaintiffs then proceed to assert that it "could not have possibly guessed that the City's main argument was a phrase used once." (*Id*.) This contention is inaccurate. But even if true, the frequency with which a phrase appears does not diminish Plaintiffs' duty to address the substance of the City's arguments because "Plaintiff has the responsibility to address the arguments made by the [City]." *Tarantola v.*

---

[1] The court notes that even if Defendant had not briefed this "first step," the court is not "constrained by the parties' legal theories," as it has an obligation to apply the law correctly. *See United States v. Spradley*, 146 F.4th 949, 958 (10th Cir. 2025) (citing *Kamen v. Kemper Fin. Servs., Inc*., 500 U.S. 90, 99 (1991) ("When an issue or claim is properly before the court," the court can "identify and apply the proper construction of governing law.").

5

*Cushing Mem'l Hosp.*, No. 10-3131-RDR, 2012 WL 5877532, at *1 (D. Kan. Nov. 20, 2012), *aff'd*, 525 F. App'x 836 (10th Cir. 2013). Plaintiffs have therefore not adequately explained why these facts and/or accompanying arguments were not previously articulated to the court. And the law is clear: "Rule 59(e) motions are 'not appropriate to . . . advance arguments that could have been raised in prior briefing.'" *Nelson*, 921 F.3d at 929 (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Accordingly, Plaintiffs' use of a Rule 59(e) motion is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete*, 204 F.3d at 1012; *see also Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir.1994) (stating that Rule 59(e) cannot serve as "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed"). Plaintiffs have not met their burden of establishing clear error in the court's prior order.

**IV.   Conclusion**

THEREFORE, Plaintiffs' motion to alter or amend the judgment (Doc. 43) is DENIED.

IT IS SO ORDERED. Dated this 5th day of January, 2026.

　　　　　　　　　　　　　　　　　　s/ John W. Broomes　　　　　　　
　　　　　　　　　　　　　　　　　　JOHN W. BROOMES
　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE